UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

FILED
DEC 03 2018

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>BRENDAN J. LABATTE; TIMOTHY LABATTE; and DALE VOGT,<br><br>Defendants | 1:17-CV-01032-CBK<br><br><br>ORDER |

## BACKGROUND

On December 7, 2017, plaintiff filed a complaint against defendants to foreclose on secured property pursuant to two outstanding loans to Brendan J. LaBatte ("borrower"). Defendant Dale Vogt has a judgment lien, filed after plaintiff's lien, on chattel securing the loans, and defendant Timothy LaBatte maintains possession of the secured chattel on his property. The court dismissed defendant Roberts County, South Dakota, which also held a lien on the secured property at issue here, after it disclaimed its interest in this case. Defendant Timothy LaBatte filed an answer to the foreclosure complaint *pro se*. Defendants Brendan J. LaBatte and Dale Vogt did not file an answer to the foreclosure complaint. On September 7, 2018, plaintiff moved for summary judgment requesting a judgment of foreclosure, a decree of sale, and a finding that plaintiff's interest is superior to any other stated interest. No defendant has filed a response to the motion for summary judgment or requested to enlarge the deadline for responding.

The court has jurisdiction over this case because it is a proceeding commenced by the United States. 28 U.S.C. § 1345.

**DECISION**

**I. Standard of Review**

The purpose of summary judgment is to determine whether there is a "genuine issue for trial" with regard to a claim or defense or "part of each claim or defense." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Fed. R. Civ. P. 56(a). Summary judgment should be granted only where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). If facts are disputed, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The moving party bears the burden of showing that the material facts in the case are undisputed and "inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) (per curiam). However, a nonmoving party "may not rest on mere allegations or denials" and "must do more than show that there is some metaphysical doubt as to the material facts." Anderson at 256; and Matsushita at 587. In sum, an issue of fact is genuine if, based upon the evidence in the record, a reasonable jury could return a verdict for the nonmoving party. Anderson at 248.

When the United States is a creditor, the law of the state where the court is situated applies when giving effect to a promissory note. *See* 28 U.S.C. § 2410(c). The issue of foreclosure is therefore governed by South Dakota Law. *See* Donovan v. Farmers Home Admin., 19 F.3d 1267, 1269 (8th Cir. 1994). District Courts will grant summary judgment and foreclosure relief on chattel securing a promissory note where the Farm Services Agency has followed its administrative procedures in seeking relief on such note. U.S. v. Morse, 2011 WL 197579 *2 (D.S.D. 2011) (internal citations omitted).

Under Local Rule 7.1, defendants were required to serve and file a responsive brief to plaintiff's motion for summary judgment containing opposing legal arguments and authorities in support thereof within 21 calendar days. No defendant filed such a motion, nor did any defendant file a motion to enlarge the time in which to respond. Under Local Rule 56.1(d), "[a]ll material facts set forth in the movant's statement of material facts will be deemed to be admitted unless controverted by the opposing party's statement of material facts." Because the defendants have not responded to the motion for summary judgment or statement of material facts submitted in connection therewith, the Court, under the Local Rule, deems the statement of material facts to be admitted.

## II. A Judgment of Foreclosure Should be Entered Against Borrower

Plaintiff requests that this court enter judgment against borrower in the amount of $36,950.13 as of August 20, 2018, together with any additional sums advanced, costs or expenses expended, and interest accruing at a daily rate of $1.0806. Plaintiff also requests that this court adjudge borrower's security interest in the secured chattel property to be foreclosed. Plaintiff has provided as evidence promissory notes signed by borrower, a security agreement, acceleration notice, and the UCC filings indicating plaintiff has perfected its interest in the specific chattel identified in its complaint and any after acquired replacement chattel.

Borrower signed two promissory notes. The first indicates that borrower borrowed $14,000, at a rate of 1.125%, on February 22, 2013, with payment due in full on February 22, 2014. The second promissory note, also signed February 22, 2013, indicates that borrower borrowed $21,000 at a rate of 1.125%, due in seven yearly installments, with the first installment of $3137.00 due on February 22, 2013. The security agreement provides plaintiff a security interest in, *inter alia*, the following farm and other equipment, together with all replacements, substitutions, additions, and accessions thereto:

3

| Line No. | Quantity | Kind | Manufacturer | Size and Type | Condition | Serial or Model No. |
|---|---|---|---|---|---|---|
| 1 | 1 | Tractor | IHC | 656 | Fair | To be purchased |
| 2 | 1 | Tractor | JD | 4010 | Fair | To be purchased |
| 3 | 1 | Mower | International | | Good | To be purchased |
| 4 | 1 | 9-Wheel Rake | | | | To be purchased |
| 5 | 1 | Square Baler/Accumulator | NH | 268 | Fair | 21082 |
| 6 | 1 | Bale Fork | | 3 Pt | Fair | |
| 7 | 1 | Feed Wagon | Algoma | WF | Fair | 709 |
| 8 | 17 | Cattle Panels & Posts | | | Good | |
| 9 | | Tools in Tool Chest | | | | |
| 10 | 1 | Bobcat Trailer | Homemade | | Fair | Not Titled |

Four of the items listed above were "[t]o be purchased." However, plaintiff alleges that borrower only purchased the 9-Wheel Rake, and then also purchased a Ford 5000 Tractor (1966, Serial #9C12BB7016), a Rowse Mower (S-9, Serial Number CC-R2S-25), a Sickle Mower, a Gehl V-Rake (520-6 each side, Serial Number 9705), and a Delta Trailer (6x16, Serial Number 4MWBS16206N017001, 2006). The provision in the security agreement providing plaintiff with an interest in "all replacements, substitutions, additions, and accessions," to the equipment listed above encumbers these five additional items.

The security agreement provides for acceleration of payment upon default Doc. 1-3, 4(b)(1). The security agreement also provides that borrower shall assemble the secured property and make it available to plaintiff at the times and places designated by plaintiff. *Id.* at 4(b)(2). Plaintiff provided defendant notice of acceleration on January 28, 2015. Doc. 1-5.

As plaintiff has noted, "[s]uits brought to enforce promissory notes are among the most suitable classes of cases for summary judgment, especially when the moving party shows execution, delivery, and amount of the note." U.S. v. Schwandt Bros., WL 2171060 *3 (D.S.D. 2006) (internal citations omitted). Plaintiff has so shown execution and amount and the borrower has failed to dispute delivery. Doc. 1-1, 1-2. Because no genuine issue of material fact exists that foreclosure on the promissory notes is proper, a judgment of foreclosure should therefore be entered against borrower.

### III. Plaintiff's Security Interest is Senior to Any Outstanding Security Interests Held by Defendants

Plaintiff states that defendant Dale Vogt has a judgment lien of $6,099 that may affect the chattel property at issue in this action. Plaintiff indicates that Dale Vogt's lien was recorded in September of 2015. This is over two years after plaintiff perfected its interest in the chattel property securing the loans it made, on February 22, 2013. Doc. 1-4. According to SDCL 44-2-1, "[o]ther things being equal, different liens upon the same property have priority according to the time of their creation." Therefore, plaintiff's lien is superior to any lien Dale Vogt may have on the same property as a result of the judgment perfected in September of 2015.

In his answer to plaintiff's complaint, defendant Timothy LaBatte states that he has a "Security Agreement, Mechanics Lien Storage Lien, and am part and full time owner of any and all property [t]hat is on my residence . . . ." Doc. 8. South Dakota's statute regarding mechanic's liens provides that such liens are prior and superior to all other liens "except those of the state or of the United States, and except existing liens, mortgages, or other encumbrances then of record . . . ." SDCL 44-9-1. Any mechanics lien Timothy LaBatte has over the secured chattels is therefore inferior to the United States' interest in this case.

Defendant Timothy LaBatte also states in his answer to plaintiff's complaint that he "would be harmed, financially by what [t]he USA has done, by attempting to remove Agricultural equipment [t]hat was promised generations ago, by right of Treaty." He refers earlier in this same document to the "Lake Traverse Treaty of 1867." The Court is obliged to liberally construe this pro se answer. Erickson v. Pardus, 551 U.S. 89, 94 (2007); *see also* Native Am. Council of Tribes v. Solem, 691 F.2d 382 (8th Cir. 1982). Nonetheless, pro se pleadings must still comply with the requirements contained in the Federal Rules of Civil Procedure and must contain "more than labels and conclusions." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The treaty establishing the Lake Traverse Reservation—the Treaty with the Sioux – Sisseton and Wahpeton Bands, 1867—contains no right to agricultural equipment that would invalidate plaintiff's foreclosure on the secured property at issue here.

Defendant Timothy LaBatte also states that his sons were "denied being Generational Farmers." The Court is aware that the state of North Dakota provides preference for "Generational Farmers" through its family farm exception to its anti-corporate farming statute, but that fact is irrelevant to the foreclosure at issue here. NDCC § 10-06.1-12; *see also* North Dakota Farm Bureau, Inc. v. Stenehjem, 2018 WL 4550391 (N.D. 2018). The Court is otherwise unaware of "Generational Farmers" as a legal category.

**IV. A Decree of Sale Should be Entered**

In light of the Court's finding that a judgment of foreclosure should be entered against borrower, and that no other interests are superior to plaintiff's in this case, the Court should also enter a decree of sale directing the United States Marshal or his deputy to sell the chattel property. Plaintiff shall submit a proposed order to the Court to this effect. The proposed order should include the requirement that borrower assemble the secured property and make it available to plaintiff at the times and places designated by plaintiff.

## ORDER

Now, therefore,

IT IS ORDERED:

1. Plaintiff's motion for summary judgment, Doc. 14, is granted.

2. Under the terms of the promissory notes and the detailed accounting provided by plaintiff in Doc. 17-2, judgment hereby enters against borrower in the amount of $36,950.13 as of August 20, 2018, plus prejudgment interest through the date of this judgment and post-judgment interest under 28 U.S.C. § 1961(a).

3. Plaintiff shall have and recover judgment of foreclosure upon the farm and other equipment described in Section II, above.

4. The interest of the defendants in the property described in Section II above shall be foreclosed. Excluding any senior lienholders, the following persons and entities shall be barred and foreclosed of, and from, all rights, title and interest in said property: (a) all defendants, together with each and every person or entity claiming under them; (b) all persons claiming any lien or encumbrance of any kind or character upon, or against, such property, that is subsequent in time or priority, or both, to the lien created by plaintiff's secured interest; and (c) any and all persons claiming to have acquired any right, title, or interest in, and to the secured chattels foreclosed upon herein.

Dated this 30th day of November, 2018.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge